## Woods v. Shields.

1. THE REMEDY OF STRICT FORECLOSURE is not taken away by the statute of this territory providing a remedy by sale of the mortgaged premises.

The question presented in this action was whether this court could decree a foreclosure of a mortgage without a sale of the premises.

*J. M. Woolworth,* for appellant.

I. 1. The courts of this territory, when sitting as courts of chancery, have all the powers of the English courts of chancery.—*Organic Act, Section* 9, *McMeehan* v. *Nicholls, decided in this court in June,* 1857 ; 1 *Sess. Laws,* 328 ; 1 *Sess. Laws,* 190 ; 3 *Sess.* 41.

2. It was and still is the practice in England, a few cases alone excepted, to decree a strict foreclosure.—4 *Kent Com.* 181 ; 2 *Story's Equity,* 24 ; *Lansing* v. *Goelet,* 9 *Cow.* 346.

3. The power to decree a foreclosure of mortgage is inherent. But it has been the almost universal practice in this country to provide for a foreclosure by sale, as if such a practice required a statute.—4 *Kent Com.* 181, *and notes.*

4. Such statutes are merely cumulative remedies. They do not, unless the terms of them are express, take away the former right of strict foreclosure. With such cumulative remedies provided by statute in many States, strict foreclosure has been allowed.—4 *Paige,* 58 ; 2 *New York R. S.* 191 ; *Lansing* v. *Goelet,* 9 *Cow.* 346 ; 8 *Post,* 288 ; 1 *Ohio,* 335 ; 5 *Ham. Ohio,* 554 ; 1 *Mon. Kentucky,* 66 ; 14 *Conn.* 45 ; 15 *Illinois,* 97.

II. Unless our statutes providing for the foreclosure by sale, expressly repeal the common law or the English practice, it will be construed to be a cumulative remedy.

III. But so far from providing a substitute for the English

chancery remedy, and thereby repealing that remedy indirectly, the statute does in terms save it. It only confers upon the court power to exercise its discretion, when a strict foreclosure is prayed by the complainant, to decree a sale.

1. The statute throughout uses two terms to indicate two distinct remedies, and uses them in contradistinction one to the other ; foreclosure or satisfaction. See sec. 1, 2. 6 and 12.

These terms are used according to their exact and technical meaning, which is as follows :

By foreclosure is meant the foreclosure of the equity of redemption. By satisfaction is meant the payment, discharge or satisfaction of the debt secured by the mortgage, which is done,

(1). By a sale of the property ;

(2). By an execution on the other property of the defendant, for deficiency of the proceeds arising on the sale, to pay the debt.

The terms are so used in the cases cited above. In section 9 the term foreclosure is used alone in its exact technical sense.

2. The provisions of the statute regulate, and therefore recognize, the strict foreclosure.

3. The statute does not take away, by any express provision, the former remedy.

4. Both remedies stand to be administered in the discretion of the court, as the interest of the parties seem to require.

No counsel for the appellee.

The court, by MILLER, J., held that the statute of the Territory, regulating the foreclosure of mortgages by a

WOODS *v.* SHIELDS.

sale of the mortgaged premises, did not take away the remedy of strict foreclosure which had existed in the English Chancery. It did not assume to do so. Nor under the provisions of the organic act could it do so.

Order reversed.